UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, TOZZI, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellant
 v.
 Specialist MICHAEL T. McNAUGHTON
 United States Army, Appellee

 ARMY MISC. 20090089

 Headquarters, Fort Carson
 Debra Boudreau, Military Judge
 Colonel Michael Meier, Staff Judge Advocate

For Appellant: Captain Adam S. Kazin, JA (argued); Colonel Denise R. Lind,
JA; Lieutenant Colonel Mark H. Sydenham, JA; Lieutenant Colonel Steven P.
Haight, JA; Captain Adam S. Kazin, JA (on brief); Captain Philip M. Staten,
JA (additional pleadings).

For Appellee: Major Mark I. Goodman, JA (argued); Lieutenant Colonel Mark
Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, Major Grace M.
Gallagher, JA; Major Mark I. Goodman, JA (on brief); Major Bradley M.
Vorhees, JA (additional pleadings).

 16 April 2009

 --------------------------------------------------------------------------
 SUMMARY DISPOSITION AND ACTION ON APPEAL
 BY THE UNITED STATES FILED PURSUANT TO
 ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
 -------------------------------------------------------------------------

Per Curiam:
The government appealed the military judge’s decision pursuant to Article
62(a)(1)(A), Uniform Code of Military Justice, 10 U.S.C. §§ 862
[hereinafter UCMJ] and presented the following assignment of error:
 THE MILITARY JUDGE ERRED AS A MATTER OF LAW WHEN SHE DISMISSED
 SPECIFICATION 2 OF CHARGE II ON THE GROUNDS THAT ASSIMILATION OF
 A STATE AGGRAVATED INCEST STATUTE IS PREEMPTED BY ARTICLE 120,
 UCMJ.
After considering the record, briefs, oral arguments, and controlling legal
authority, we grant the government’s appeal and vacate the military judge’s
decision to dismiss Specification 2 of Charge II.
When deciding an appeal under Article 62, UCMJ we “may act only with
respect to matters of law.” UCMJ, art. 62(b). Questions of law are
reviewed de novo. United States v. Kosek, 41 M.J. 60, 63 (C.M.A. 1994).
First, we find that aggravated incest, as defined by Colo. Rev. Stat. § 18-
6-302, is not proscribed by either the UCMJ or an applicable Federal
Criminal Code. See Lewis v. United States, 523 U.S. 155, 164-66 (1998).
Further, we find the state statute does not interfere with a federal
policy, does not effectively rewrite a carefully considered federal law,
and there is no federal intent to occupy the field as would preclude the
use of this particular state statute. Id.
 Second, we find the military judge improperly concluded Congress
intended that Article 120, UCMJ cover all sexual offenses, in a complete
way. See US v. Kick, 7 M.J. 82, 85 (C.M.A. 1979). To the contrary, we
find Congress did not intend to limit prosecution for aggravated incest to
Article 120, UCMJ; nor is aggravated incest a residuum of elements of a
specific offense listed in the code. United States v. McGuinness, 35 M.J.
149, 151-52 (C.A.A.F. 1992) (quoting United States v. Wright, 5 M.J. 106,
100-11 (C.M.A. 1978)). The incest statute is a separate offense proscribed
by the Colorado Revised Code and is a crime that centers on the familial
relationship. Colo. Rev. Stat. § 18-6-301 and 302. As such, the statute
at issue fills a gap in the criminal law and may properly be assimilated.
See generally, United States v. Robbins, 52 M.J. 159 (C.A.A.F. 1999). We
hold that the Colorado incest statute at issue in this case is not
preempted by Article 120, UCMJ and the military judge erred in dismissing
the challenged specification.
 Conclusion
Based upon our de novo review, we hold that the military judge erred as a
matter of law. Accordingly, the military judge’s dismissal of
Specification 2 of Charge II is vacated. Appellee’s court-martial may
proceed in accordance with Rule for Courts-Martial 908(c)(3).
 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court